# N. Y. COMMON PLEAS.

## MARY GREEN agt. JOHN GREEN.

Where a motion is made by the plaintiff for leave to *issue execution* upon a judgment or decree authorizing execution to issue for its enforcement, pending an *appeal* from a part of the decree, by the defendant, it is in the discretion of the court to grant the motion for leave to issue the execution, or to stay the proceedings for the enforcement of the judgment pending the appeal, and having exercised that discretion by directing execution to issue, this court *on appeal* from that order will not interfere with such discretion.

APPEAL by the defendant from an order of the special term allowing an execution to issue upon the judgment entered therein.

The facts sufficiently appear in the opinion of the court.

A. H. REAVEY, *counsel for appellant.*
EDWARD FITCH, *counsel for respondent.*

VAN BRUNT, J.—In the month of November, 1867, the plaintiff in this action commenced her suit against the defendant for a limited divorce upon the ground of alleged ill treatment. Issue was joined in the action by the service of the defendant's answer in said last mentioned month. On the 25th day of November, 1867, an application having been duly made to this court an order was entered directing the defendant to pay to the plaintiff thirty dollars per week as alimony during the pendency of this suit, and also to pay to Edward Fitch the sum of two hundred and fifty dollars on account of the counsel fees of the plaintiff.

That after this action was at issue, and upon the calendar of this court for trial, the plaintiff offered to the defendant

Green agt. Green.

to discontinue the action provided the defendant would pay her forty dollars per week as long as she should live. Upon this offer for a settlement being received by the defendant, his attorney upon an affidavit of his own, and of the defendant stating the terms of the agreement for a settlement, at length obtained an order requiring the plaintiff to show cause why the defendant should not have leave to discontinue and settle the action upon the terms stated in the affidavit, or *for such further order as might be proper.* Upon the hearing of this motion a judgment was entered by the consent of the parties decreeing a separation from bed and board forever, and said decree further provided that the defendant should pay to the plaintiff the sum of two thousand and eighty dollars per annum during her life for her support, and said decree further provided that the defendant should pay to Edward Fitch, Esq., the counsel for the plaintiff, the further sum of seven hundred and fifty dollars in full for her costs, counsel fees and expenses in this action, and *that execution issue therefor.* From that portion of the said decree adjudging that the defendant should pay to the said Fitch a further counsel fee of seven hundred and fifty dollars, the defendant has duly appealed to the general term of this court and filed an undertaking on appeal; which undertaking, however, does not form part of the appeal papers submitted herein. After this appeal was taken from said judgment as above mentioned a motion was made by the plaintiff for leave to issue execution in accordance with the terms of said decree, which motion was granted. The undertaking on appeal, filed and served by the defendant's attorney in this action, being duly adjudged and declared void and of no effect, and this appeal was taken from said last mentioned order. The undertaking upon appeal not having been submitted as part of the appeal papers, the question of its sufficiency cannot be examined into, and the only other question to be passed upon is, the power of the court to issue due execution to enforce this judgment.

Green agt. Green.

The decree itself provides for the manner in which this portion shall be enforced and gives the plaintiff the right to issue an execution for the collection of this amount allowed as counsel fee. It might have provided other means for collection, but it chose to confine the plaintiff to this one method.

It cannot be argued for a moment that the court had no power to insert this provision in its decree, because a court always has the power to compel obedience to its judgments duly made; otherwise the passing judgment were an idle ceremony. It does not appear to be contended that the court had no power to adjudge the payment of counsel fees in this action, or that it was not discretionary with the court what amount should be allowed, but that the amount was excessive. This question can be raised, if at all, only upon the appeal from the judgment itself.

It was, then, left to the sound discretion of the judge who heard the motion at special term for leave to issue the execution for the enforcement of the judgment, to grant the motion or stay the proceedings for the enforcement of the judgment pending the appeal, and he having exercised that discretion, and directed that execution issue, I see no reason for interfering with such direction.

The order appealed from must be affirmed.